IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PATRICK McKENNA,<br><br>        Petitioner,<br><br>   v.<br><br>D. CUEVA,<br><br>        Respondent. | No. 2:23-CV-0556-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss the petition as untimely, ECF No. 12.

**I. BACKGROUND**

Petitioner was convicted of second-degree robbery and, on November 5, 2018, was sentenced to a determinate prison term of ten years. See ECF No. 12, pg. 1. The conviction and sentence were affirmed on direct appeal on May 29, 2020. See id. Petitioner did not seek review in the California Supreme Court. See id.

///

///

///

1

Following direct appeal, Petitioner filed the following state court post-conviction actions:

| | | |
|---|---|---|
| First Action | | Filed June 2, 2022, in the Placer County Superior Court. Denied on July 6, 2022. |
| Second Action | | Filed August 10, 2022, in the California Court of Appeal. Denied on August 26, 2022. |
| Third Action | | Filed September 2, 2022, in the California Supreme Court. Denied on February 1, 2023. |

See id. at 2.

The instant federal petition was filed on March 14, 2023. See ECF No. 1.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Petitioner did not seek review by the California Supreme Court following the denial of his direct appeal by the California Court of Appeal on May 29, 2020. Thus, the conviction became final 40 days following the Court of Appeal's decision – July 8, 2020. The limitations period began to run the following day – July 9, 2020 – and, absent tolling, expired on July 8, 2021. None of the three state court post-conviction action entitles Petitioner to statutory tolling because they were filed after the one-year limitations period had already expired on July 8, 2021, with the earliest such action filed in June 2022. The Court agrees with Respondent that the instant federal petition must be dismissed as untimely.

/ / /

**III.  CONCLUSION**

Based on the foregoing, the undersigned recommends as follows:

1. Respondent's unopposed motion to dismiss, ECF No. 12, be GRANTED.
2. This action be DISMISSED as untimely.
3. Petitioner's motion to vacate the sentence, ECF No. 16, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 23, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE